[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield. No. CR95-106928.
Bruce Koffsky, Esq. Counsel for Petitioner.
Gerard Eisenman, Esq. Asst. State's Attorney for the State.
 BY THE DIVISION
On September 27, 1996, the petitioner entered a plea of guilty to one count of sales of narcotics, a violation of Connecticut General Statutes § 21 a-277. The subject statute to which a plea was entered, carries a penalty of not less than one year incarceration (which is suspendable) and not more than fifteen years incarceration and a fine of not more than $50,000. The parties entered a plea agreement wherein the state indicated a maximum period of incarceration of ten years (as a "cap") but not less than five years incarceration. At sentencing, the State recommended 16 years execution suspended after 10 years incarceration and probation. The petitioner had a right to argue for less than the 10 years of incarceration.
The court sentenced the petitioner to 16 years execution suspended after serving 9 years incarceration to be followed by four years of probation. The then existing probation was terminated. CT Page 5934
Counsel for petitioner, in his presentation to the panel, focused on three areas: the facts underlying the arrest, the meaningfulness of a CAP; and, statements made by the state's attorney at sentencing.
Counsel for petitioner related that the incident for which the petitioner was being sentenced occurred on January 4, 1994, that the warrant was not applied for until September 8, 1994, and not signed by a judge until October 18, 1994, and the petitioner was not arrested until March 29, 1995. Counsel for the petitioner claimed that 15 months elapsed before the petitioner was made aware of the charges against him.
Counsel for the petitioner further claimed that during that 15 month period the petitioner was not involved with any criminal activity and that this factor should have been given greater weight by the sentencing court.
Counsel for petitioner claimed that the "CAP" of 10 years should not be a "sham" but should serve as a meaningful right to argue for a lesser sentence.
Counsel for petitioner claims that there were significant mitigating factors in the petitioner's background that were not given adequate weight by the sentencing court.
Lastly, counsel for petitioner took issue to some of the comments made by the state's attorney at the sentencing hearing.
The petitioner addressed the panel and indicated that he had never been charged or convicted for a violent crime and that he resented the comments of the state's attorney that petitioner's dealing in drugs effects children.
The state's attorney indicated that any issues of delay of arrest/prosecution could have been brought before the trial court and counsel emphasized the criminal record of the petitioner; the instant case was the petitioner's third conviction for a narcotics related felony.
The record reflects that the sentencing court reviewed all matters before it and considered the comments of family members.
The court emphasized the petitioner's prior conviction for CT Page 5935 sale of narcotics in 1988. The petitioner was on probation for the 1988 conviction when he incurred a conviction for possession of narcotics in 1994, and his probation was not violated. The court further stressed that the petitioner was still on probation at the time of the instant offense and "you owe 4 years" for that prior sale of narcotics conviction.
The sentencing court went on:
 "But the fact is you were on probation, you had a prior conviction for sale of narcotics. . . . And I can't overlook that. . . . We all know what this is doing to our society. It's serious business, and if you want to do it, it's the price of doing that business. . . ."
The court did consider the fact of the petitioner was on probation with 4 years exposure for a similar type offense and did factor that into the sentence imposed, noting that the probation was terminated forthwith at the time of the sentencing.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 43-23 et seq. and Connecticut General Statute § 51-194
et seq.
In reviewing the record as a whole, this Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The sentence imposed was neither inappropriate or disproportionate.
The sentence is AFFIRMED.
Miano, J.
CT Page 5936 Klaczak, J.
Norko, J.
Miano, J., Klaczak, J. and Norko, J. participated in this decision.